**Ferry LIANDO; Chien Hui Yang, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–73271.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Nov. 18, 2014.*

Filed Nov. 25, 2014.

Ferry Liando Albert C. Lum, Sr., Esquire, Law Office of Albert C. Lum Pasadena, CA, for Petitioners.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Oil, Siu P. Wong, Esquire, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Ferry Liando, a native and citizen of Indonesia, and his wife Chien Hui Yang, a native of Taiwan and citizen of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reconsider and reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider or reopen. *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reconsider as untimely because petitioners filed it more than 30 days after the BIA's decisions. *See* 8 C.F.R. § 1003.2(b)(1).

The BIA also did not abuse its discretion in denying petitioners' motion to reopen as untimely because petitioners filed it more than ten years after the BIA's final decision, and they failed to establish materially changed country conditions in Indonesia to overcome the limitations on motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi,* 597 F.3d at 988–89 (petitioner failed to submit "qualitatively different" evidence).

The BIA also did not abuse its discretion in declining to reopen in light of the court's decisions in *Wakkary v. Holder,* 558 F.3d 1049 (9th Cir.2009), and *Tampubolon v. Holder,* 610 F.3d 1056 (9th Cir.2010). *See Toufighi v. Mukasey,* 538 F.3d 988, 996–97 (9th Cir.2008) (petitioner must demonstrate prima facie eligibility for relief in order to reopen); *Wakkary,* 558 F.3d at 1065 (even under disfavored group analysis, petitioner must present some evidence of individualized risk).

Finally, we reject petitioners' requests related to a pattern or practice of persecution.

## PETITION FOR REVIEW DENIED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.